UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LAQUAN MARTINEZ,

                      Plaintiff,                  24-cv-5356(LAP)(RFT)

      -against-                             **FIRST AMENDED COMPLAINT**

EQUINOX HOLDINGS, INC.,                    **JURY TRIAL DEMANDED**

                      Defendant.
------------------------------------------------------------x

Plaintiff LaQuan Martinez ("Plaintiff"), by and through his counsel William K. Li, Law, PLLC, for his First Amended Complaint against Defendant Equinox Holdings, Inc. ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1. This action is brought against Defendant to redress the deprivation of rights secured to Plaintiff by the Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the American with Disabilities Act 1990, as amended, 42 U.S.C § 12101 *et seq.* ("ADA"); the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. ("NYSHRL") and New York City Administrative Code § 8-101 *et seq*. ("NYCHRL").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981, Title VII and ADA. This Court has supplemental jurisdiction over Plaintiff's related claims arising under State and local law pursuant to 28 U.S.C. § 1367(a) because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States

1

Constitution.

3. Declaratory and injunctive relief is sought under 28 U.S.C. § 2001 et seq.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3), because the causes of action arose and the acts and omissions complained of occurred in this District.

## CONDITIONS PRECEDENT

5. On July 12, 2024 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII based on his race, ethnicity, color and national origin and ADA against Defendant.

6. On or about September 6, 2024, Plaintiff was notified by the EEOC for the first time a Notice of Right to Sue pertaining to his EEOC charge was issued on or about July 17, 2024.

7. Plaintiff is filing this First Amended Complaint to include his Title VII and ADA claims within ninety (90) days of the issuance and receipt of his Notice of Right to Sue from the EEOC.

8. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

9. Plaintiff is an adult individual with his primary residence in Suffolk County, New York.

10. Plaintiff was an employee of Defendant during the relevant time period.

11. Plaintiff's race and color is black.

12. Plaintiff's ethnicity is Hispanic.

13. Plaintiff's national origin is Puerto Rican.

14. During Plaintiff's employment with Defendant, he was suffering from a medical condition to his feet which required reasonable accommodation.

15. Defendant is a fitness company that operates, among other things, fitness clubs.

16. Defendant's headquarters is located in New York, New York.

17. Defendant employs over one hundred (100) employees.

18. At all times relevant to this Complaint, Defendant employed Plaintiff in New York, New York.

19. Defendant was found liable for discriminatory termination of a black employee in this District about a year ago where a verdict of $11,250,000.00 was awarded to the plaintiff in the matter of *Robynn Europe v. Equinox Holdings, Inc. et al*, No. 20-cv-07787.

## **FACTS**

20. In September 2021, Plaintiff started working in Defendant's Equinox Brookfield Place Fitness Club (the "Gym") located in 225 Liberty Street, New York, NY 10281.

21. Plaintiff was, based on his approximation, only one of the 6 or 7 black employees out of about 70 employees at the Gym.

22. Plaintiff's position was Shop Manager.

23. Plaintiff was paid on an hourly basis plus commissions for products sold at the Gym store.

24. Plaintiff's job duties included, but were not limited to, managing the Gym store, selling merchandise at the Gym store, creating employee schedule for the Gym store, payroll allocation of the Gym store employees and helping out with other aspects of other aspects of the Gym as requested or as necessary, which will be further described below.

3

25. Plaintiff was also an instructor for Defendant and he also taught classes at both the Gym and other Defendant fitness centers.

26. Plaintiff was paid on a bi-weekly basis.

27. Plaintiff was an excellent employee at the Gym.

28. Plaintiff's performance was evidenced by the fact that Plaintiff meaningfully increased the sales number at the Gym store after he was hired.

29. Indeed, Plaintiff had one of the best performing Gym stores among all of the Defendant's Equinox Fitness Clubs in his region.

30. Plaintiff helped increased the Gym store's monthly revenue from about $12,000 to about $18,000 after he became the Shop Manager.

31. Furthermore, Plaintiff was a long-term employee at the Gym where there are high employee turnovers.

32. Plaintiff was the Gym's longest tenured employee at the time of his termination.

33. Plaintiff's excellent performance was furthermore exemplified by the fact that he was asked by Defendant to become a District Manager of Defendant's Equinox branded Fitness Club in or around February 2023 to which Plaintiff declined.

34. On or about, Plaintiff's then manager, Melanie Lozano, left the Gym.

35. In or about September 2023, the Gym hired and began training a Britny Boehme ("Ms. Boehme") to become the new manager of the Gym.

36. Ms. Boehme became the Gym's Acting Manager in the beginning of October 2023.

37. Upon Plaintiff's information and personal knowledge, Ms. Boehme's race and color is not black.

4

38. Unfortunately Plaintiff began suffering from discrimination after Ms. Boehme was hired.

39. Ms. Boehme immediately began scrutinizing Plaintiff after she started.

40. Ms. Boehme would falsely accuse Plaintiff of not being at the Shop or working even though Plaintiff was being asked to help or perform work in other areas of the Gym due to insufficient staff members being on duty and/or lack of male staff members being on duty.

41. Plaintiff was often called to help in other areas of the gym, such as tidying up the weights in the weight room and helping fold towels.

42. Plaintiff was often called upon to assist gym members in the men's locker room or help replenish items such as toiletries and towels due to him being the only male employee on duty.

43. In addition, employees who were off duty were permitted to use the Gym's workout area between the hours of 6:00am and 5:00pm and then again between 7:00pm to close.

44. In or about the second or third week of October 2023, Plaintiff started working out in the Gym's fitness area after his shift ended at 4:00pm.

45. Another non-Hispanic and non-Puerto Rican off-duty employee, who is Caucasian, was also working out in the Gym's fitness area at around the same time.

46. Shortly after 5:00pm, both Plaintiff and this Caucasian were still in the fitness area.

47. However, Ms. Boehme went over and only admonished Plaintiff for staying past the employee's permitted workout time but not this Caucasian employee, who was standing in very close proximity to Plaintiff at the time.

48. Ms. Boehme also required Plaintiff to inform someone at the front desk of the Gym when Plaintiff needed to use the bathroom, to which Plaintiff complied. However, for some inexplicable reason, Ms. Boehme nevertheless informed Plaintiff that she did not know of his whereabouts near the end of October 2023 and in the beginning of November 2023.

49. In August 2023 Plaintiff was diagnosed with plantar fasciitis on his left foot and tendonitis on his right foot.

50. These conditions required Plaintiff to, among other things, go to physical therapy on a weekly basis.

51. Plaintiff supplied a doctor's note of his needs and was approved for a reasonable accommodation by Defendant on or about August 22, 2023 to among other things, have an extra thirty (30) minutes for his lunch break once per week so he can go to a physical therapist near the Gym to obtain treatment.

52. Plaintiff's reasonable accommodation request was approved but expired on or about October 22, 2023.

53. Plaintiff's feet were not fully healed after his reasonable accommodation expired. As a result, on or about October 31, 2023 Plaintiff made a second application for reasonable accommodation.

54. However, despite having knowledge of Plaintiff's medical condition and his reasonable accommodation, Ms. Boehme nevertheless questioned Plaintiff on several occasions as to why Plaintiff returned from lunch late.

55. On or about November 23, 2023, Ms. Boehme mistook Plaintiff for a black gym member working out and accused Plaintiff of inappropriately taking a break.

56. This was an error which Ms. Boehme later admitted to in an email dated November 27, 2023 to Plaintiff.

57. Plaintiff was extremely offended by this conduct and has let Ms. Boehme (with District Manager Michelle Kim ("Ms. Kim") cc'd) about his feeling in regard to the discriminatory conduct via email on November 29, 2023.

58. Plaintiff also asked for a meeting to discuss this discriminatory issue with Ms. Boehme and Ms. Kim.

59. Plaintiff has furthermore spoken with Ms. Kim on several other occasions about this issue.

60. In response, Ms. Kim informed Plaintiff that she and management would agree to have a meeting on December 5, 2023 with Plaintiff, after Plaintiff was scheduled to return from a short break.

61. However, when Plaintiff arrived to work on December 5, 2023, he was notified by Ms. Boehme that his employment was terminated.

62. Ms. Boehme cited her mistake on or about November 23, 2023 of thinking Charging party as the black gym member as the reason for Charging party's termination.

63. Ms. Kim did not go to Brookfield that day and instead made-up excuses about having other things to do when Plaintiff texted asking why she was not on site when he arrived to work.

64. It occurred to Plaintiff after being informed of his termination that Defendant never intended to have a good faith meeting with him about his complaint of discrimination, but rather they misled him about the purpose of the meeting.

65. Plaintiff's second request for reasonable accommodation was pending at the time of his termination.

## FIRST CAUSE OF ACTION
### (Race Discrimination in Violation of Section 1981)

66. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

67. Plaintiff's race is black.

68. Plaintiff is as a result a member of the protected class.

69. Plaintiff suffered from disparate treatment due to his race while employed by Defendant.

70. Defendant intentionally discriminated against Plaintiff due to his race by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to similarly situated non-black employees and using pre-textual reasons to terminate Plaintiff's employment.

71. Plaintiff would not have been discriminated against but for his race.

72. Plaintiff is as a result entitled to all reliefs under Section 1981.

## SECOND CAUSE OF ACTION
### (Race Discrimination in Violation of the NYSHRL)

73. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

74. Plaintiff's race is black.

75. Plaintiff is as a result a member of the protected class.

76. Plaintiff was disparately treated compared to similarly situated non-black employees.

77. Defendant intentionally discriminated against Plaintiff due to his race by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to similar situated non-black

employees and using pre-textual reasons to terminate Plaintiff's employment.

78. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYSHRL.

### THIRD CAUSE OF ACTION
**(Race Discrimination in Violation of the NYCHRL)**

79. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

80. Plaintiff's race is black.

81. Plaintiff is as a result a member of the protected class.

82. Plaintiff was disparately treated compared to similarly situated non-black employees.

83. Defendant intentionally discriminated against Plaintiff due to his race by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to similar situated non-black employees and using pre-textual reasons to terminate Plaintiff's employment.

84. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYCHRL.

### FOURTH CAUSE OF ACTION
**(Retaliation in Violation of Section 1981)**

85. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

86. Plaintiff engaged in a protected activity when he complained about race discrimination after his manager Ms. Boehme admonished Plaintiff due to Ms. Boehme having mistaken a black gym member for Plaintiff.

87. Plaintiff's employment was terminated in retaliation within about two (2) weeks after Plaintiff's complaint of race discrimination.

88. Due to the temporal proximity in time of Plaintiff's complaint of race discrimination, there is a rebuttal presumption that Plaintiff's termination was due to retaliation.

89. As a result, Plaintiff is entitled to all reliefs and monetary awards granted by Section 1981.

**FIFTH CAUSE OF ACTION**
**(Retaliation in Violation of NYSHRL)**

90. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

91. Plaintiff engaged in a protected activity when he complained about race discrimination after his manager Ms. Boehme admonished Plaintiff due to Ms. Boehme having mistaken a black gym member for Plaintiff.

92. Plaintiff's employment was terminated in retaliation within about two (2) weeks after Plaintiff's complaint of race, ethnicity color and national origin discrimination.

93. Due to the temporal proximity in time of Plaintiff's complaint of race, ethnicity color and national origin discrimination, there is a rebuttal presumption that Plaintiff's termination was due to retaliation.

94. As a result, Plaintiff is entitled to all reliefs and monetary awards granted by NYSHRL.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of NYCHRL)**

95. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

96. Plaintiff engaged in a protected activity when he complained about race, ethnicity and color discrimination after his manager Ms. Boehme admonished Plaintiff due to Ms. Boehme having mistaken a black gym member for Plaintiff.

97. Plaintiff's employment was terminated in retaliation within about two (2) weeks after Plaintiff's complaint of race, ethnicity, color and national origin discrimination.

98. Due to the temporal proximity in time of Plaintiff's complaint of race, ethnicity, color and national origin discrimination, there is a rebuttal presumption that Plaintiff's termination was due to retaliation.

99. As a result, Plaintiff is entitled to all reliefs and monetary awards granted by NYCHRL.

## SEVENTH CAUSE OF ACTION
### (National Origin Discrimination in Violation of NYSHRL)

100. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

101. Plaintiff's national origin is Puerto Rican.

102. Plaintiff is as a result a member of the protected class.

103. Plaintiff was disparately treated compared to similarly situated non-Puerto Rican employees.

104. Defendant intentionally discriminated against Plaintiff due to his national origin by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-Puerto Rican employees and using pre-textual reasons to terminate Plaintiff's employment.

105. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYSHRL

11

## EIGHTH CAUSE OF ACTION
### (National Origin Discrimination in Violation of NYCHRL)

106. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

107. Plaintiff's national origin is Puerto Rican.

108. Plaintiff is as a result a member of the protected class.

109. Plaintiff was disparately treated compared to similarly situated non-Puerto Rican employees.

110. Defendant intentionally discriminated against Plaintiff due to his national origin by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-Puerto Rican employees and using pre-textual reasons to terminate Plaintiff's employment.

111. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYCHRL.

## NINETH CAUSE OF ACTION
### (Ethnicity Discrimination in Violation of NYSHRL)

112. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

113. Plaintiff's ethnicity is Hispanic.

114. Plaintiff is as a result a member of the protected class.

115. Plaintiff was disparately treated compared to similarly situated non-Hispanic employees.

116. Defendant intentionally discriminated against Plaintiff due to his ethnicity by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-Hispanic

employees and using pre-textual reasons to terminate Plaintiff's employment.

117. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYSHRL.

### TENTH CAUSE OF ACTION
### (Ethnicity Discrimination in Violation of NYCHRL)

118. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

119. Plaintiff's ethnicity is Hispanic.

120. Plaintiff is as a result members of the protected class as a result of his ethnicity.

121. Plaintiff was disparately treated compared to similarly situated non-Hispanic employees.

122. Defendant intentionally discriminated against Plaintiff due to his ethnicity by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-Hispanic employees and using pre-textual reasons to terminate Plaintiff's employment.

123. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYCHRL.

### ELEVENTH CAUSE OF ACTION
### (Disability Discrimination in Violation of the NYSHRL)

124. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

125. Plaintiff is a qualified individual with disabilities under the meaning of the NYSHRL.

126. Defendant was Plaintiff's employer within the meaning of NYSHRL.

127. By the actions described above, Defendant discriminated against Plaintiff on the basis of his disability or perceived disability in violation of the NYSHRL by, *inter alia*, having a manager question Plaintiff's modified work schedule which was a part of his reasonable accommodation and subsequently terminating Plaintiff after receiving a reasonable accommodation and after submitting a second reasonable accommodation request.

128. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYSHRL.

## TWELFTH CAUSE OF ACTION
### (Disability Discrimination in Violation of the NYCHRL)

129. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

130. Plaintiff was a qualified individual with disabilities under the meaning of the NYCHRL.

131. Defendant was Plaintiff's employer within the meaning of NYCHRL.

132. By the actions described above, Defendant discriminated against Plaintiff on the basis of his disability or perceived disability in violation of the NYCHRL by, *inter alia*, having a manager question Plaintiff's modified work schedule which was a part of his reasonable accommodation and subsequently terminating Plaintiff after receiving a reasonable accommodation and after submitting a second reasonable accommodation request.

133. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYCHRL.

## THIRTEENTH CAUSE OF ACTION
### (Color Discrimination in Violation of the NYSHRL)

134. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

135. Plaintiff's color is black.

136. Plaintiff is as a result members of the protected class as a result of his color.

137. Plaintiff was disparately treated compared to similarly situated non-black employees.

138. Defendant intentionally discriminated against Plaintiff due to his color by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-black employees and using pre-textual reasons to terminate Plaintiff's employment.

139. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYSHRL.

## FOURTEENTH CAUSE OF ACTION
### (Color Discrimination in Violation of the NYCHRL)

140. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

141. Plaintiff's color is black.

142. Plaintiff is as a result members of the protected class as a result of his color.

143. Plaintiff was disparately treated compared to similarly situated non-black employees.

144. Defendant intentionally discriminated against Plaintiff due to his color by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-black employees and using pre-textual reasons to terminate Plaintiff's employment.

145. As a direct and proximate result of Defendants' unlawful discriminatory conduct in

violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to NYCHRL.

### FIFTEENTH CAUSE OF ACTION
### (Race Discrimination in Violation of the Title VII)

146. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

147. Plaintiff's race is black.

148. Plaintiff is as a result members of the protected class as a result of his race.

149. Plaintiff was disparately treated compared to similarly situated non-black employees.

150. Defendant intentionally discriminated against Plaintiff due to his race by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-black employees and using pre-textual reasons to terminate Plaintiff's employment.

151. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to Title VII.

### SIXTEENTH CAUSE OF ACTION
### (Color Discrimination in Violation of the Title VII)

152. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

153. Plaintiff's color is black.

154. Plaintiff is as a result members of the protected class as a result of his color.

155. Plaintiff was disparately treated compared to similarly situated non-black employees.

156. Defendant intentionally discriminated against Plaintiff due to his color by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-black employees and

using pre-textual reasons to terminate Plaintiff's employment.

157. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to Title VII.

## SEVENTEENTH CAUSE OF ACTION
### (National Origin Discrimination in Violation of Title VII)

158. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

159. Plaintiff's national origin is Puerto Rican.

160. Plaintiff is as a result a member of the protected class.

161. Plaintiff was disparately treated compared to similarly situated non-Puerto Rican employees.

162. Defendant intentionally discriminated against Plaintiff due to his national origin by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-Puerto Rican employees and using pre-textual reasons to terminate Plaintiff's employment.

163. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Title VII, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to Title VII.

## EIGHTEENTH CAUSE OF ACTION
### (Ethnicity Discrimination in Violation of Title VII)

164. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

165. Plaintiff's ethnicity is Hispanic.

166. Plaintiff is as a result members of the protected class as a result of his ethnicity.

167. Plaintiff was disparately treated compared to similarly situated non-Hispanic employees.

168. Defendant discriminated against Plaintiff due to his ethnicity by unfairly scrutinizing Plaintiff at work, disparately treating Plaintiff compared to non-Hispanic employees and using pre-textual reasons to terminate Plaintiff's employment.

169. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Title VII, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to Title VII.

## NINETEENTH CAUSE OF ACTION
### (Disability Discrimination in Violation of the ADA)

170. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

171. Plaintiff was a qualified individual with disabilities under the meaning of the ADA.

172. Defendant was Plaintiff's employer within the meaning of ADA.

173. By the actions described above, Defendant discriminated against Plaintiff on the basis of his disability or perceived disability in violation of the ADA by, *inter alia*, having a manager question Plaintiff's modified work schedule which was a part of his reasonable accommodation and subsequently terminating Plaintiff after receiving a reasonable accommodation and after submitting a second reasonable accommodation request.

174. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, emotional distress and economic harm for which he is entitled to all relief pursuant to ADA.

## TWENTIETH CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

175. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

176. Plaintiff engaged in a protected activity when he complained about race, ethnicity, and color discrimination after his manager Ms. Boehme admonished Plaintiff due to Ms. Boehme having mistaken a black gym member for Plaintiff.

177. Plaintiff's employment was terminated in retaliation within about two (2) weeks after Plaintiff's complaint of race, ethnicity, color and national origin discrimination.

178. Due to the temporal proximity in time of Plaintiff's complaint of race, ethnicity, color and national origin discrimination, there is a rebuttal presumption that Plaintiff's termination was due to retaliation.

179. As a result, Plaintiff is entitled to all reliefs and monetary awards granted by Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. declaring that Defendant's actions and practices violated Section 1981, Title VII, ADA, NYSHRL and NYCHRL;

B. enjoining Defendant from further discriminatory and retaliatory conduct;

C. to make Plaintiff whole by providing his loss of pay and benefits;

D. directing Defendant to pay Plaintiff compensatory damages for his emotional distress caused by Defendant's discriminatory conduct;

E. directing Defendant to pay Plaintiff punitive damages sufficient to punish and deter continuation of Defendant's unlawful employment practices;

F.        directing Defendant to pay for Plaintiff's reasonable attorneys' fees and legal expenses; and

G.        granting additional relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
October 10, 2024

                                    WILLIAM K. LI LAW, PLLC

*/s/ William K. Li*
William Li
535 Fifth Avenue, 4th Floor
New York, NY 10017
T: 212-380-8198
wli@wlilaw.com
*Counsel for Plaintiff*